IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CARLTON RANDELL MILLER**                                    **PLAINTIFF**

**V.**                              **CASE NO. 5:20-CV-05033**

**SUMMIT COMMISSARY**                                         **DEFENDANT**

## OPINION AND ORDER

Plaintiff Carlton Randell Miller filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Miller is incarcerated in the Washington County Detention Center. He contends that his federal constitutional rights were violated when Summit Commissary ("Summit") sold him outdated or expired food.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks to proceed *in forma pauperis*. 28 U.S.C. § 1915A(a). The Court must determine whether the Complaint should be served on Summit.

### I.  BACKGROUND

According to the allegations of the Complaint (Doc. 1), on January 9, 2020, Miller purchased from Summit a $100.00 "care pack" of food items that contained, among other things, a bag of chips called "Blazin' hot cheese nibbles." The expiration date on the bag of chips was December 17, 2019. When Miller complained to Summit about the expired chips, he was told that there was nothing Summit could do. He seeks compensatory and punitive damages.

1

## II. LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to issuing service of process. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

To state a claim under § 1983, Miller must show that (1) Summit acted under color of state law and (2) the alleged wrongful conduct deprived him of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). The Court will assume for purposes of this PLRA screening that Summit is a state actor. *See, e.g., Avery v. Helder*, 2017 WL 776702, at *3 (W.D. Ark. Feb. 28, 2017) (finding that a private corporation, working pursuant to a contract, acts under color of state law in

providing food to prisoners). It is clear, however, that the Complaint fails to state any facts to show that Miller's constitutional rights were violated.

First, Miller does not claim that he suffered illness or injury as a result of consuming the product. No Eighth Amendment claim is stated. Second, to the extent he contends that he wasted money on an outdated food item, the law is clear that even an intentional deprivation of property does not violate due process when a meaningful post-deprivation remedy is available. *Hudson v. Palmer*, 468 U.S. 517, 534 (1984). Here, Miller has various potential state court claims against Summit. For example, breach of express or implied warranty, unjust enrichment, fraud, conversion, etc. Therefore, due process is satisfied, and no § 1983 claim is stated.

## IV. CONCLUSION

**IT IS ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** on the grounds that it is frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii) (*in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim).

The dismissal of this action counts as a strike for purposes of 28 U.S.C. § 1915(g).

The **Clerk** is directed to place a **§ 1915(g) strike flag** on the case.

**IT IS SO ORDERED** on this 30th day of March, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE